## KELLY vs. UNION COUNTY.

On appeal from the county court, the circuit court has no jurisdiction to try the merits of the case anew, unless there be error found in the proceedings and judgment of the county court.

Unless the bill of exceptions shows that a record, or paper, was read or used in evidence, such record or paper ought not to be copied in it; and for the omission to do so, in such case, a certiorari will not be ordered to perfect the record.

*Appeal from Union Circuit Court.*

Hon. LEN B. GREEN, Circuit Judge.

LEE, for appellant.

CARLETON, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Kelly, common school commissioner of Union county, filed an account in the county court, containing a statement of funds arising from fines, forfeitures, licenses, escheats, estrays, etc., which had been paid into the county treasury, and which he claimed to belong to the school fund of the county; and to be paid to him as commissioner. A trial was had in the county court, the claim was disallowed, and Kelly appealed to the circuit court.

On the trial of the case in the county court, the evidence of Kelly consisted of the records of the county court, but the record entries used as evidence were not incorporated in the bill of exceptions, nor was any statement given therein of what they proved.

It seems, from the bill of exceptions filed in the circuit court, that Kelly suggested a diminution of the record, and asked that the clerk of the county court be required to embody in the bill of exceptions the records referred to in the account of Kelly, but the circuit court refused, and upon examination of the case, as brought from the county court, affirmed its judgment. The circuit court could not have done otherwise on the bill of exceptions filed in the county court, for it contained no evidence to disprove the correctness of the judgment of the county court. The appeal did not give the circuit court jurisdiction to try the merits of the case anew. That could not be done until error had been found in the proceedings and judgment of the county court. On coming to such conclusion the circuit court would have reversed the judgment of the county court, set the case for trial, and it would then have been open for the reception of any evidence to sustain the claim of Kelly. *Carnall vs. Crawford County*, 6, *Eng.* 622; *Clark County vs. Spence*, 21 *Ark.* 446. Considering the account of Kelly as incorporated into the bill of exceptions, which the clerk had not done in the transcript before us, we see references by letter and page which we take to apply to record books; still those records could not be copied into the bill of exceptions unless the bill had shown that the records referred to were read, or were used in evidence. There was no ground on which to support the motion for a perfection of the record. The defect could be amended only by making a new bill of exceptions, and the circuit court could do no more than compel a true copy of that taken in the county court, to be certified to the circuit court. The judgment of the circuit court is affirmed.